Dyson v. Defense Dyson v. Department of Defense 2015-3076. Mr. Thomas. May it please the Court, I'm Wendell Thomas. I'm with the law firm of Fabio & Associates in Silver Spring, Maryland. I represent Mr. Dyson, who is present here with me. Mr. Dyson makes the very simple argument that the Board erred in its decision on two levels. Firstly, the Board failed to address Mr. Dyson's constitutional due process violations claims, which were first made, Mr. Thomas. Am I correct that every single employee from janitor to the top at the NGA has to have a TSSCI clearance? That's correct, Your Honor. So the lack of that clearance automatically means that a person cannot work there? That's correct, Your Honor. The issue, though, and just to play this out, is that in making that determination, ultimately in terminating Mr. Dyson, it was on two levels. First, there was the indefinite suspension. And from the record, the agency found itself in a situation where Mr. Dyson's case presented to them a unique circumstance for which they determined at some point that they may have to promulgate some new regulations to address it. The only issue you're raising here is whether Mr. Dyson was entitled to a hearing. Yes, Your Honor. And isn't the law that the hearing isn't required if there's no dispute of fact? And I'm getting to that, Your Honor. There is a dispute of fact. And the dispute that we think is relevant to this particular matter is that the deciding official did, in fact, have alternatives to termination. The record... Every single employee has to have a TSSCI. You agree with me on that? That's admitted. Well, Your Honor, in its decision, the board, in fact, suggested that if, in fact, there were alternatives to removal, then Mr. Dyson would have had the right to an evidentiary hearing, his due process right to an evidentiary hearing. What alternative is there if he doesn't have a TSSCI? There would be no alternative. The issue for Mr. Dyson was the whole procedure by which that determination was made. And therein lies one of the problems with the whole process. We had requested that the transcript of the personnel security board hearing be made available to us at the point at which it was at the administrative judge's stage. We made the request. There was no objection from the government side. In fact, Mr. Rickert, who was the attorney at the time, consented to the release of that information because in that, it is my understanding, the attorney who previously represented Mr. Dyson indicated to us, and Mr. Dyson has also told me this, some determination was made at that hearing that rather than remove Mr. Dyson, the intent was to, in fact, reinstate him. We were not able to make any reference to those findings or that discussion because despite our repeated requests for a copy of that transcript, it was never made available to us while it was before the administrative judge's stage and even at the point at which the petition for review was filed with the board. And we think in that— Did you receive any response? Never did. And I refer the court to the request was made in the petition for review. It's at page 6. And there is a footnote 4 where I try to explain the efforts we made to procure that document. I'm sorry. Page 6. Where in the appendix? Not in the appendix. Part of the record is the petition for review following the decision from the administrative judge, the initial decision. The request was made to the administrative judge. No response. Again, the attorney for the Department of Defense at the time, Mr. Rickert, had no problems. He was very, very cooperative. The administrative judge did not concede to our request. We made reference to it in the petition in the response to the initial decision to the board, and they never addressed that. And we think that is relevant to the whole issue as to the alternatives that were available, because it's clear in the board's decision that if there were alternatives, Mr. Dyson would have been entitled to an evidentiary hearing. And I think that was a fatal flaw with respect to how this case unfolded. The fact that the transcript of the personnel security board hearing was not released to us. It is also instructive that in tab 4D, the declaration of Harriet Ames, who ultimately made the decision about Mr. Dyson's removal, in there I think there is reference to the possibility of her, the authority that she had, and I can read it to Nicole if I'm allowed to do that. You may. Thank you. The declaration of Harriet Ames at paragraph 4. As the division chief of personnel security, I had the inherent authority to restore the employee's security clearance or to direct his placement on paid administrative leave. In Mr. Dyson's case, I considered his June 4, 2012 written response to the notice of proposed indefinite suspension in my capacity as the deciding official. However, I found that the proposed indefinite suspension was the most appropriate action to take in this case. There is no explanation as to why the other two options were not followed. And to the extent that the board had the opportunity to review the entire record in this case, and this is part of the record in the case, the fact that they have mentioned that there were no alternatives does not gel with the fact that Ms. Harriet Ames in fact indicated that there were alternatives. So on that basis, we think that the board's decision was flawed. And to the extent the court Why is that a fact question? It is a fact question in that If it's clear that there were other alternatives, then there were other alternatives, but she didn't employ them. So what's the fact question for a hearing? Well, I understand your position, Your Honor. I understand your position. That was just a question, not a position. We can save the rest of your time for rebuttal if you like. I will, Your Honor. Ms. Murdoch-Pack. Thank you, Your Honor. May it please the Court. Mr. Dyson. I'm very troubled by your brief. On page 7, you misdescribed the Carew case and failed to cite contrary authority in the Crispin case. You cite the Carew case as saying that 7701 doesn't require a hearing if there's no genuine dispute of material fact. The Carew case does not hold that. It simply holds that 7701 does not apply. And in the earlier Crispin case, we specifically held that 7701 requires a hearing and that there's no summary judgment procedure, so even if there is no dispute as to material fact, the hearing has to be held. And I find that very troubling, both the miscitation and the failure to recognize the existence of the Crispin case. Your Honor, a hearing is required to be offered under 7701. No, you're not addressing. You miscited the Carew case, correct? If that is what you read in the brief, then that is correct, yes. And the Crispin case holds that a hearing is required even if there is no genuine dispute as to material fact, right? I'm sorry, what is the Crispin site, Your Honor? The Crispin case? I find it a little astonishing that you don't know, but it's 732 Fed Second 919. It says the Board does not have available to it a summary judgment proceeding citing 7701, which covers appeals to the MSPP from agency actions. It goes extensively into the legislative history of the statute and says that there is always a right to a hearing. There's always a right to a hearing, but there's not always a right to an evidentiary hearing, which is congressional intent,  where full evidentiary hearings in MSPB Board cases are only required when there's a dispute to facts which must be resolved before a decision can be reached. And that is not the case here. The issues that Mr. Dyson brings on appeal, whether he had received a copy of his PSAB transcript for which he had an attorney present, which he was present, which dealt with the revocation of... Did you cite the Frampton case? We did not. I'm addressing how you wrote your brief, and I don't think it's satisfactory, Frank. But go ahead. There is no dispute of facts here because the PSAB transcript addressed only Mr. Dyson's revocation of his security clearance. He was given the opportunity to respond at the hearing. He was given the opportunity in front of the deciding official to raise his issues, which he did. The only issue before the MSPB is whether he had a clearance which was revoked, whether his clearance was a requirement for his job, and whether he received his procedural protection set forth in Section 7513 and, if applicable, if the agency followed its own policies or regulations when removing him. He does not dispute that he did not receive any of his protections under 7513, and he does not address any policies or regulations which the agency purportedly violated when removing him. Because the board can only review these issues... I think you have an extra not in there. He does not dispute that he did not receive... Yes, Your Honor, he does not dispute he received those protections. I appreciate your correction. He did receive those protections, and because the board properly found that he received those protections, this court should affirm the board's decision. Thank you. Thank you. Just before you sit down, I point out to you that the Crispin case was cited by the dissent before the board, another reason you should have been aware of. Yes, Your Honor. Mr. Thomas, you have some rebuttals now. I'll be very brief, Your Honor. Mr. Dyson contends that the board erred with respect to its ruling, that there were no disputes as to material facts, and on the basis of Crispin, even if there is no dispute, he's entitled to an evidentiary hearing. We ask, therefore, that this court reverse the board and remand this case on evidentiary hearing. Thank you, Mr. Thomas. We'll take the case under advisement.